O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL ANN CARDOZA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 10-936 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

Plaintiff filed a Complaint herein on July 7, 2010, seeking review of the Commissioner's denial of her applications for disability insurance benefits and Supplemental Security Income benefits, following the Court's judgment in Case No. EDCV 07-1254 (RNB) reversing the Commissioner's decision and remanding the matter for further administrative proceedings.

In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on March 3, 2011. Thereafter, at the Court's direction, plaintiff filed a Supplemental Memorandum addressing the harmless issue on March 21, 2011 and the Commissioner filed a Reply thereto on March 24, 2011. Thus, this matter now

is ready for decision.[1]

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly determined plaintiff capable of performing the jobs of cleaner/housekeeper, cafeteria attendant, and shoe packer.

2. Whether the ALJ's residual functional capacity ("RFC") assessment captures plaintiff's mental limitation to one and two step instructions.

3. Whether the ALJ posed complete hypothetical questions to the vocational expert.

## DISCUSSION

With respect to Disputed Issue No. 3, the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to pose complete hypotheticals to the vocational expert. Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th

---

[1] The decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), the Joint Stipulation ("Jt Stip") filed by the parties, plaintiff's Supplemental Memorandum, and the Commissioner's Reply thereto. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, the Court finds that the second hypothetical posited by the ALJ comported with the limitations that the ALJ found to exist. (See AR 818, 1232-34.)

With respect to Disputed Issue No. 2, the Court concurs with plaintiff that the ALJ erred in his RFC determination because he failed to explain why he implicitly rejected the opinion of Dr. Rosen, one of the State agency medical and psychological consultants, that plaintiff's mental impairment limited her to performing one and two-step repetitive work tasks. (See AR 293.) The Commissioner's Regulations provide that, although ALJs "are not bound by any findings made by [nonexamining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider [their] findings and other opinions ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled," because such specialists are regarded as "highly qualified ... experts in Social Security disability evaluation." See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). The Regulations further provide that "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." See 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2) (ii); see also Social Security Ruling[2] ("SSR") 96-6p ("Findings ... made by State agency medical and psychological consultants ... regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions."). Here, although the ALJ stated that he found the opinions of the State agency medical and psychological consultants "persuasive" and was according them "substantial

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

weight," in excluding from his RFC determination Dr. Rosen's opinion that plaintiff's mental impairment limited her to performing one and two-step repetitive work tasks, the ALJ implicitly rejected that opinion without providing any reason for doing so. This constitutes error. See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-8p, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). However, for the reasons discussed with respect to Disputed Issue No. 1, the Court finds and concludes that reversal of the Commissioner's decision is not warranted on account of this error by the ALJ.

With respect to Disputed Issue No. 1, the Court concurs with plaintiff that, if plaintiff's mental impairment limited her to performing one and two-step repetitive work tasks, she would not be capable of performing the cafeteria attendant and shoe packer jobs identified by the vocational expert since both of those jobs require Level 2 reasoning skills. See Reaza v. Astrue, 2011 WL 999181, *4 (C.D. Cal. Mar. 21. 2011) ("Plaintiff's limitation to simple one and two part instructions is consistent with a reasoning level of 'one.'"); Grigsby v. Astrue, 2010 WL 309013, *2 (C.D. Cal. Jan. 22, 2010) (explaining that a limitation to simple repetitive work would allow for the ability to perform jobs at Reasoning Level 2, as defined by the DOT, but that a further limitation to one- or two-step instructions limited the individual to Reasoning Level 1 jobs); see also Coleman v. Astrue, 2011 WL 781930, *5 (C.D. Cal. Feb. 28, 2011) (following Grigsby); Diaz v. Astrue, 2010 WL 5313504, *2-*3 (C.D. Cal. Dec. 20, 2010) (same); Navarro v. Astrue, 2010 WL 5313439, *5 (C.D. Cal. Dec. 16, 2010) (same). However, the Court disagrees with plaintiff that, if plaintiff's mental impairment limited her to performing one and two-step repetitive work tasks, she still would not be capable of performing the cleaner/housekeeper job identified by the vocational expert (which only requires Level 1 reasoning skills) based on the ALJ's preclusion of work in a public setting. The Court concurs with the Commissioner that

the ALJ was entitled to rely on the vocational expert's testimony that a hypothetical person with plaintiff's vocational profile and other physical and mental limitations, who also was limited to work in a non-public setting, was capable of performing the cleaner/housekeeper job. Put another way, plaintiff has failed to convince the Court that the vocational expert's testimony in this regard constituted a deviation from the job requirements of the cleaner/housekeeper job in the Dictionary of Occupational Titles, which consequently needed to be explained before the ALJ could rely on the vocational expert's testimony. Accordingly, the Court finds and concludes that the ALJ's error here in not finding that plaintiff's mental impairment limited her to performing one and two-step repetitive work tasks was harmless. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: March 29, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE